# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY VILLAREAL,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>HERNANDEZ, *et al.*,<br><br>　　　　Defendants. | Case No. 1:22-cv-01376-ADA-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 8)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE SECOND AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ON COGNIZABLE CLAIMS<br><br>(ECF No. 8)<br><br>**THIRTY (30) DAY DEAD-LINE** |

　　　Plaintiff Anthony Villareal ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint was screened, and he was provided leave to amend or to notify the Court that he wished to proceed on his cognizable claim. Plaintiff's first amended complaint, filed on February 22, 2023, is currently before the Court for screening. (ECF No. 8.)

**I.　Screening Requirement and Standard**

　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at  California Health Care Facility.  Plaintiff alleges the events in the complaint occurred while Plaintiff was housed at California State Prison in Corcoran, California ("Corcoran"). Plaintiff names the following defendants: (1) D.B. Hernandez, Sergeant on Facility 3B, (2) Hampton, Sergeant on Facility 3B, (3) Wolfe, correctional officer on Facility 3B, (4) J. Hubbard, Sergeant, (5) L. Hurtado, correctional officer, (6) Coronado, correctional officer.

In claim 1, Plaintiff alleges excessive force:

> "Sergeant J. Hubbard as a supervising officer he let his officers beat me with fist, metal batons, and kicking me in head, body, and legs.  'Offer Hurtado' repeatedly hitting me in my hands causing lacerations, also kicking me on my legs causing deep bone bruises. 'Officer Coronado' beat me with baton on my face, legs, and head causing bruises and facial fractures.  All the time while I was handcuffed behind my back and 'not resisting in any way' while laying flat on the ground."  (edited for spelling only.)

In claim 2, Plaintiff alleges failure to protect:

2

> "By Sergeant Hernandez refusing me access to review the 'photo deck' of inmates housed in the building so I can identify my enemy, it led to officers causing me serious bodily injury and more, such as severe mental health problems. After coming back from CTC hospital it was confirmed by 'Sergeant Barrios' that I did have an enemy and was placed in Ad-Seg and put up for transfer." (edited for spelling only.)

Plaintiff also alleges a false report and that Officer Wolfe was the person who" initiated the assault and the rest of the officer followed on."

As remedies, Plaintiff asks for the 90 days that was taken from him due to false reports. He seeks monetary compensation and other damages.

Plaintiff also asks for appointment of counsel because he is temporarily housed in California Health Care Facility without is property and legal work and because he has PTSD, flashbacks, memory loss, chronic headaches and paranoia.

### III. Appointment of Counsel

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1), *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). Nevertheless, in certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved*." Id.* (internal quotation marks and citations omitted). "Neither of these considerations is dispositive and instead must be viewed together." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on the plaintiff. *Id.*

Here, Plaintiff argues that he needs legal assistance to help him because he is temporarily

1  housed in a medical facility due to mental health issues and injuries he suffered in the underlying
2  incident. He claims that based on his injuries, he suffers from PTSD, memory loss, paranoia,
3  hears voices and has chronic headaches.
4      "An incapacitating mental disability may be grounds for appointment of counsel in some
5  cases, but a plaintiff making that argument must present substantial evidence of incompetence."
6  *Meeks v. Nunez*, No. 13CV973-GPC (BGS), 2017 WL 476425, at *3 (S.D. Cal. Feb. 6, 2017).
7  Further, the Court must be able to find a nexus between the mental disability and Plaintiff's ability
8  to articulate his claims. *See McElroy v. Cox*, No. 08-1221-JM (AJB), 2009 WL 4895360, at *2
9  (E.D. Cal. Dec. 11, 2009). Plaintiff has failed to provide the Court with any medical evidence to
10 substantiate the scope of his mental impairment due to his claimed injury/disability and any
11 evidence demonstrating that his mental impairment would impair his prosecution of this action.
12 *See Meeks*, 2017 WL 476425, at *3 (denying appointment of counsel when plaintiff submitted a
13 document asserting a mental impairment of schizoaffective disorder, but failed to submit any
14 medical records to support his diagnosis or any documents demonstrating the effects of his
15 diagnosis on the prosecution of the case); *West v. Dizon*, No. 2:12-cv-1293-DAD P, 2014 WL
16 114659, at *4 (E.D. Cal. Jan. 9, 2014) (denying appointment of counsel where plaintiff alleged
17 that he had a mental disability, but failed to provide the court with any "evidence detailing its
18 nature or effects"). Therefore, the Court finds that Plaintiff's claimed mental disability does not
19 establish exceptional circumstances warranting the appointment of counsel.
20     Further, based on a review of the record in this case, the Court finds that the legal issues in
21 this case do not appear to be particularly complex and that Plaintiff can adequately articulate his
22 claims, based upon his own knowledge of what happened to him.
23     Therefore, the Court concludes that Plaintiff has not demonstrated the exceptional
24 circumstances necessary to warrant appointment of counsel. Consequently, the Court denies,
25 without prejudice, Plaintiff's motion for appointment of counsel. Nonetheless, because Plaintiff
26 states he is without his legal paperwork in his current housing, the Court will grant Plaintiff an
27 additional opportunity to amend.
28 ///

4

**IV.     Discussion**

Plaintiff will be granted **one final opportunity** to amend his complaint to the extent that he can do so in good faith. Plaintiff asserts he is without his legal paperwork due to his temporary housing and thus, he will be granted leave to amend. To assist Plaintiff, the Court provides the pleading and legal standards that appear relevant to his claims.

**A. Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.; see also Twombly*, 550 U.S. at 556–557.

Although Plaintiff's complaint is short, it is not a plain statement of his claims. As a basic matter, the complaint does not clearly allege what happened. With the exception of the acts of Defendant Hurtado and Coronado, it is unclear what happened. In fact, the amended complaint contains fewer factual allegations than did the original complaint. Plaintiff must state sufficient factual support for each claim. Plaintiff was informed that if he filed an amended complaint, it should be a short and plain statement of his claims, and must include factual allegations identifying what happened, when it happened and who was involved. Fed. R. Civ. P. 8. Plaintiff will be given **a final opportunity** to cure this deficiency.

**B. Linkage**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between

the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's first amended complaint fails to link Defendant Hampton to any act which purportedly violated Plaintiff's constitutional rights. In addition, it is unclear what Defendant Wolfe did that violated Plaintiff's constitutional rights.

### C. Supervisory Liability

To the extent Plaintiff seeks to hold any Defendant liable based solely upon their supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (citation and quotation marks omitted); accord *Lemire v. Cal. Dep't of Corrs. & Rehab.*, 726 F.3d 1062, 1074–75 (9th Cir. 2013); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." *Crowley*, 734 F.3d at 977 (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff attempts to hold Defendant Hubbard liable for the actions of his subordinates because Defendant Hubbard was the supervising officer of the individual officers who beat Plaintiff. However, Defendant Hubbard cannot be held liable for the actions or omissions of his

1 subordinates under the theory of *respondeat superior*. *Iqbal*, 556 U.S. at 676–77; *Simmons v.*
2 *Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d
3 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

### D. *Heck* Bar

Plaintiff may be attempting to challenge some event which resulted in a loss of 90 days credits. It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the *Heck* bar, this exception to § 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement-either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson*, 544 U.S. at 81; *Heck v. Humphrey*, 512 U.S. 477, 482, 486–87 (1994); *Edwards v. Balisok*, 520 U.S. 641, 644 (1997). Thus, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration*." Id.* at 81–82.

Plaintiff's allegations implicate the validity of some kind of conviction. However, Plaintiff may not pursue § 1983 damages for his claims until Plaintiff can prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487.

### E. Habeas Corpus

To the extent that Plaintiff is attempting to challenge the validity of his conviction, the duration of conviction, or his incarceration, the exclusive method for asserting that challenge is by filing a petition for writ of habeas corpus. As stated above, state prisoners cannot challenge the fact or duration of their confinement in a § 1983 action, and their sole remedy lies in habeas corpus relief. *Wilkinson*, 544 U.S. at 78 ("[A] prisoner in state custody cannot use a § 1983 action

to challenge the fact or duration of his confinement. He must seek federal habeas corpus relief (or appropriate state relief) instead.").

### F. Excessive Force

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is...whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. Not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* at 9. De minimis uses of physical force do not violate the constitution provided that the use of force is not of a sort "repugnant to the conscience of mankind." *Whitley v. Albers*, 475 U.S. 312, 327 (1986) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury... [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.' " *Id.* (quoting *Whitley v. Albers*, 475 U.S. 1078, 1085 (1986) ). Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. *See Whitley*, 475 U.S. at 321–22.

///

///

8

Liberally construing the allegations in the complaint, Plaintiff states a cognizable claim for excessive force in violation of the Eighth Amendment against Defendants Hurtado and Coronado.

**G. Failure to Protect**

Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners or others because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. *Farmer*, 511 U.S. at 833; *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir.2009); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. *Farmer*, 511 U.S. at 834, 841; *Clem*, 566 F.3d at 1181; *Hearns*, 413 F.3d at 1040.

Plaintiff's speculation about his safety and Defendant Hernandez refusing Plaintiff the opportunity to review the "photo deck" are insufficient to state a claim for failure to protect under the Eighth Amendment.

**H. Retaliation**

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009)). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). To state a cognizable retaliation claim, Plaintiff must establish a nexus between the retaliatory act and the protected activity. *Grenning v. Klemme*, 34 F.Supp.3d 1144, 1153 (E.D. Wash. 2014). The Ninth Circuit has held that "threats to sue fall within the purview of the constitutionally protected right to file grievances." *Entler v. Gregoire*, 872 F.3d

1031, 1039 (9th Cir. 2017) The filing of a complaint by a prisoner, as well as the threat to do so, are protected by the First Amendment, provided they are not baseless. *Entler*, 872 F.3d at 1043 (9th Cir. 2017) (it is illogical to conclude that prison officials may punish a prisoner for threatening to sue when it would be unconstitutional to punish a prisoner for actually suing.)

It is unclear if Plaintiff is attempting to allege any Defendant retaliated against him. Plaintiff alleges, "I was threatened by a Sergeant at C.S.P. not to file a staff complaint while I was recovering at C.S.P. CTC hospital." In any amended complaint, Plaintiff must allege factual support as to each of the elements of a claim for retaliation as to each responsible Defendant. The allegations are unclear that Plaintiff engaged in protected conduct for which he was retaliated.

### I. False Reports

A false report is not a constitutional violation. *Johnson v. Felker*, No. 1:12–cv–02719 GEB KJN (PC), 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a report does not give rise to a claim under section 1983.") (citations omitted). Plaintiff's complaint therefore fails to state a claim based on allegations of a false report. *Sanford v. Eaton*, No. 1:20-CV-00792 BAM(PC), 2021 WL 1172911, at *7 (E.D. Cal. Mar. 29, 2021)(denying a claim alleging falsified medical report and statements made by Plaintiff), denying to adopt on other grounds, *Sanford v. Eaton*, No. 1:20-CV00792-JLT BAM(PC), 2022 WL 168530, at *2 (E.D. Cal. Jan. 19, 2022). Plaintiff does not have a cognizable claim for false reports.

### J. Prison Regulations

To the extent that Plaintiff attempts to bring any claims solely based on a defendants' violation of prison rules and policies, he may not do so, as alleged violations of prison rules and policies do not give rise to a cause of action under § 1983. Section 1983 provides a cause of action for the deprivation of federally protected rights. "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no redress." *Sweaney v. Ada Cty., Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997) (quoting *Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370 (9th

Cir. 1996)); *see Davis v. Kissinger*, No. CIV S–04–0878-GEB-DAD-P, 2009 WL 256574, *12 n.4 (E.D. Cal. Feb. 3, 2009). Nor is there any liability under § 1983 for violating prison policy. *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997)). Thus, the violation of any prison regulation, rule or policy does not amount to a cognizable claim under federal law, nor does it amount to any independent cause of action under section 1983.

### V.     Conclusion and Order

For the reasons stated, the Court finds that Plaintiff states a cognizable claim against Defendants Hurtado and Coronado, correctional officers, for excessive force in violation of the Eighth Amendment.  Plaintiff's complaint fails to state any other cognizable claims for relief against any other defendants.  Because Plaintiff states he is without his legal property while temporarily housed for treatment, Plaintiff will be granted **one final opportunity** to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

If Plaintiff does not wish to file an amended complaint and he is agreeable to proceeding only on the cognizable claim identified by the Court, he may file a notice informing the Court that he does not intend to amend, and he is willing to proceed only on his cognizable claim.  The Court will then recommend that the remaining claims and defendants be dismissed from this action, and then initiate the process for service of the complaint.

If Plaintiff wishes to file an amended complaint, any such amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678–79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.

11

*Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel, (ECF No. 8), is DENIED, without prejudice;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:
   a. File a second amended complaint curing the deficiencies identified by the Court in this order (or file a notice of voluntary dismissal); or
   b. Notify the Court in writing that he does not wish to file a second amended complaint and he is willing to proceed only on his claim against Defendants Hurtado and Coronado for excessive force in violation of the Eighth Amendment;
4. Plaintiff is reminded that if he is unable to meet this deadline, he may file a written request, before the deadline expires, for a continuance and must state a good reason for the request; and
5. **If Plaintiff fails to comply with this order, the Court will recommend dismissal of this action, without prejudice, for failure to obey a court order and for failure to prosecute.**

IT IS SO ORDERED.

Dated:   **February 8, 2023**         /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE