# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ANTHONY VILLAREAL, | Case No. 1:22-cv-01376-ADA-BAM (PC) |
|---|---|
| Plaintiff, | ORDER STRIKING LODGED SECOND AMENDED COMPLAINT |
| v. | (ECF No. 12) |
| HERNANDEZ, *et al.*, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| Defendants. | |
| | (ECF Nos. 8, 13, 14) |
| | **FOURTEEN (14) DAY DEADLINE** |

## I. Background

Plaintiff Anthony Villareal ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On February 8, 2023, the Court screened Plaintiff's first amended complaint and found that Plaintiff stated a cognizable claim against Defendants Hurtado and Coronado, correctional officers, for excessive force in violation of the Eighth Amendment, but failed to state any other cognizable claims for relief against any other defendants. (ECF No. 10.) The Court ordered Plaintiff to either file a second amended complaint or notify the Court of his willingness to proceed only on the cognizable claims. (*Id.* at 12.)

On February 27, 2023, Plaintiff filed a second amended complaint, (ECF No. 12), and on March 9, 2023 Plaintiff also filed a notice of his willingness to proceed only on the cognizable claims identified by the Court's February 8, 2023 order, (ECF No. 13). Based on these conflicting filings, the Court granted Plaintiff an opportunity to file a written response clarifying his intent. (ECF No. 14.) Plaintiff was directed to file a written response within twenty-one days

1

clarifying how he intends to proceed in this action, and was warned that if he failed to respond to the Court's order, the Court would strike the second amended complaint and recommend that this action proceed only on the claims found cognizable in the first amended complaint. (*Id.* at 2.)

The deadline for Plaintiff to file a response to the Court's order has expired, and Plaintiff has failed to respond or otherwise communicate with the Court. Accordingly, the Court will strike the proposed second amended complaint and screen the first amended complaint below.

## II.    Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### A.    Allegations in Complaint

Plaintiff is currently housed at California Health Care Facility. Plaintiff alleges the events in the complaint occurred while Plaintiff was housed at California State Prison in Corcoran,

2

California ("Corcoran").  Plaintiff names the following defendants: (1) D.B. Hernandez, Sergeant on Facility 3B, (2) Hampton, Sergeant on Facility 3B, (3) Wolfe, correctional officer on Facility 3B, (4) J. Hubbard, Sergeant, (5) L. Hurtado, correctional officer, and (6) Coronado, correctional officer.

In claim 1, Plaintiff alleges excessive force:

> Sergeant J. Hubbard as a supervising officer he let his officers beat me with fist, metal batons, and kicking me in head, body, and legs.  'Offer Hurtado' repeatedly hitting me in my hands causing lacerations, also kicking me on my legs causing deep bone bruises. 'Officer Coronado' beat me with baton on my face, legs, and head causing bruises and facial fractures.  All the time while I was handcuffed behind my back and 'not resisting in any way' while laying flat on the ground."

(edited for spelling only.)

In claim 2, Plaintiff alleges failure to protect:

> By Sergeant Hernandez refusing me access to review the 'photo deck' of inmates housed in the building so I can identify my enemy, it led to officers causing me serious bodily injury and more, such as severe mental health problems.  After coming back from CTC hospital it was confirmed by 'Sergeant Barrios' that I did have an enemy and was placed in Ad-Seg and put up for transfer.

(edited for spelling only.)

Plaintiff also alleges a false report and that Officer Wolfe was the person who 'initiated the assault and the rest of the officer followed on."

As remedies, Plaintiff asks for the 90 days that was taken from him due to false reports.  He seeks monetary compensation and other damages.

Plaintiff also asks for appointment of counsel because he is temporarily housed in California Health Care Facility without his property and legal work and because he has PTSD, flashbacks, memory loss, chronic headaches and paranoia.

**B.    Discussion**

**1.    Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation

omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.; see also Twombly*, 550 U.S. at 556–557.

Although Plaintiff's complaint is short, it is not a plain statement of his claims. As a basic matter, the complaint does not clearly allege what happened. With the exception of the acts of Defendants Hurtado and Coronado, it is unclear what happened. In fact, the amended complaint contains fewer factual allegations than did the original complaint. Plaintiff must state sufficient factual support for each claim. Plaintiff was informed that if he filed an amended complaint, it should be a short and plain statement of his claims, and must include factual allegations identifying what happened, when it happened and who was involved. Fed. R. Civ. P. 8.

**2.     Linkage**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's first amended complaint fails to link Defendant Hampton to any act which purportedly violated Plaintiff's constitutional rights. In addition, it is unclear what Defendant Wolfe did that violated Plaintiff's constitutional rights.

///

///

### 3. Supervisor Liability

To the extent Plaintiff seeks to hold any Defendant liable based solely upon their supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (citation and quotation marks omitted); accord *Lemire v. Cal. Dep't of Corrs. & Rehab.*, 726 F.3d 1062, 1074–75 (9th Cir. 2013); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." *Crowley*, 734 F.3d at 977 (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff attempts to hold Defendant Hubbard liable for the actions of his subordinates because Defendant Hubbard was the supervising officer of the individual officers who beat Plaintiff. However, Defendant Hubbard cannot be held liable for the actions or omissions of his subordinates under the theory of *respondeat superior*. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

### 4. *Heck* Bar

Plaintiff may be attempting to challenge some event which resulted in a loss of 90 days credits. It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the *Heck* bar, this exception to § 1983's otherwise broad scope applies whenever state

1 prisoners "seek to invalidate the duration of their confinement-either directly through an
2 injunction compelling speedier release or indirectly through a judicial determination that
3 necessarily implies the unlawfulness of the State's custody." *Wilkinson*, 544 U.S. at 81; *Heck v.*
4 *Humphrey*, 512 U.S. 477, 482, 486–87 (1994); *Edwards v. Balisok*, 520 U.S. 641, 644 (1997).
5 Thus, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief
6 sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct
7 leading to conviction or internal prison proceedings)—if success in that action would necessarily
8 demonstrate the invalidity of confinement or its duration." *Id.* at 81–82.

9 Plaintiff's allegations implicate the validity of some kind of conviction. However, Plaintiff
10 may not pursue § 1983 damages for his claims until Plaintiff can prove "that the conviction or
11 sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a
12 state tribunal authorized to make such determination, or called into question by a federal court's
13 issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487.

**5.     Habeas Corpus**

15 To the extent that Plaintiff is attempting to challenge the validity of his conviction, the
16 duration of conviction, or his incarceration, the exclusive method for asserting that challenge is
17 by filing a petition for writ of habeas corpus.  As stated above, state prisoners cannot challenge
18 the fact or duration of their confinement in a § 1983 action, and their sole remedy lies in habeas
19 corpus relief. *Wilkinson*, 544 U.S. at 78 ("[A] prisoner in state custody cannot use a § 1983 action
20 to challenge the fact or duration of his confinement.  He must seek federal habeas corpus relief
21 (or appropriate state relief) instead.").

**6.     Eighth Amendment**

a.     <u>Excessive Force</u>

24 The Eighth Amendment protects prisoners from inhumane methods of punishment and
25 from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.
26 2006).  The unnecessary and wanton infliction of pain violates the Cruel and Unusual
27 Punishments Clause of the Eighth Amendment. *Hudson v McMillian*, 503 U.S. 1, 5 (1992)
28 (citations omitted).  Although prison conditions may be restrictive and harsh, prison officials must

6

1  provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.
2  *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

3  "[W]henever prison officials stand accused of using excessive physical force in violation
4  of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-
5  faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."
6  *Hudson*, 503 U.S. at 6–7.  Not "every malevolent touch by a prison guard gives rise to a federal
7  cause of action." *Id.* at 9.  De minimis uses of physical force do not violate the constitution
8  provided that the use of force is not of a sort "repugnant to the conscience of mankind." *Whitley
9  v. Albers*, 475 U.S. 312, 327 (1986) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

10  For claims of excessive physical force, the issue is "whether force was applied in a good-
11  faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."
12  *Hudson*, 503 U.S. at 7.  Relevant factors for this consideration include "the extent of injury . . . [,]
13  the need for application of force, the relationship between that need and the amount of force used,
14  the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the
15  severity of a forceful response.' " *Id.* (quoting *Whitley v. Albers*, 475 U.S. 1078, 1085 (1986)).
16  Finally, because the use of force relates to the prison's legitimate penological interest in
17  maintaining security and order, the court must be deferential to the conduct of prison officials.
18  *See Whitley*, 475 U.S. at 321–22.

19  Liberally construing the allegations in the complaint, Plaintiff states a cognizable claim
20  for excessive force in violation of the Eighth Amendment against Defendants Hurtado and
21  Coronado.

22            b.    <u>Failure to Protect</u>

23  Prison officials have a duty under the Eighth Amendment to protect prisoners from
24  violence at the hands of other prisoners or others because being violently assaulted in prison is
25  simply not part of the penalty that criminal offenders pay for their offenses against society.
26  *Farmer*, 511 U.S. at 833; *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir.2009); *Hearns v.
27  Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). However, prison officials are liable under the
28  Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a

7

substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. *Farmer*, 511 U.S. at 834, 841; *Clem*, 566 F.3d at 1181; *Hearns*, 413 F.3d at 1040.

Plaintiff's speculation about his safety and Defendant Hernandez refusing Plaintiff the opportunity to review the "photo deck" are insufficient to state a claim for failure to protect under the Eighth Amendment.

### 7. Retaliation

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009)). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). To state a cognizable retaliation claim, Plaintiff must establish a nexus between the retaliatory act and the protected activity. *Grenning v. Klemme*, 34 F.Supp.3d 1144, 1153 (E.D. Wash. 2014). The Ninth Circuit has held that "threats to sue fall within the purview of the constitutionally protected right to file grievances." *Entler v. Gregoire*, 872 F.3d 1031, 1039 (9th Cir. 2017) The filing of a complaint by a prisoner, as well as the threat to do so, are protected by the First Amendment, provided they are not baseless. *Entler*, 872 F.3d at 1043 (9th Cir. 2017) (it is illogical to conclude that prison officials may punish a prisoner for threatening to sue when it would be unconstitutional to punish a prisoner for actually suing.)

It is unclear if Plaintiff is attempting to allege any Defendant retaliated against him. Plaintiff alleges, "I was threatened by a Sergeant at C.S.P. not to file a staff complaint while I was recovering at C.S.P. CTC hospital." Plaintiff must allege factual support as to each of the elements of a claim for retaliation as to each responsible Defendant. The allegations are unclear that Plaintiff engaged in protected conduct for which he was retaliated.

///

**8.      False Reports**

A false report is not a constitutional violation. *Johnson v. Felker*, No. 1:12–cv–02719 GEB KJN (PC), 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a report does not give rise to a claim under section 1983.") (citations omitted). Plaintiff's complaint therefore fails to state a claim based on allegations of a false report. *Sanford v. Eaton*, No. 1:20-CV-00792 BAM(PC), 2021 WL 1172911, at *7 (E.D. Cal. Mar. 29, 2021) (denying a claim alleging falsified medical report and statements made by Plaintiff), denying to adopt on other grounds, *Sanford v. Eaton*, No. 1:20-CV00792-JLT BAM(PC), 2022 WL 168530, at *2 (E.D. Cal. Jan. 19, 2022). Plaintiff does not have a cognizable claim for false reports.

**9.      Prison Regulations**

To the extent that Plaintiff attempts to bring any claims solely based on a defendants' violation of prison rules and policies, he may not do so, as alleged violations of prison rules and policies do not give rise to a cause of action under § 1983. Section 1983 provides a cause of action for the deprivation of federally protected rights. "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no redress." *Sweaney v. Ada Cty., Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997) (quoting *Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370 (9th Cir. 1996)); *see Davis v. Kissinger*, No. CIV S–04–0878-GEB-DAD-P, 2009 WL 256574, *12 n.4 (E.D. Cal. Feb. 3, 2009). Nor is there any liability under § 1983 for violating prison policy. *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997)). Thus, the violation of any prison regulation, rule or policy does not amount to a cognizable claim under federal law, nor does it amount to any independent cause of action under section 1983.

**III.    Order and Recommendation**

Based on the above, the Court finds that Plaintiff states a cognizable claim against Defendants Hurtado and Coronado, correctional officers, for excessive force in violation of the Eighth Amendment. Plaintiff's first amended complaint fails to state any other cognizable claims

9

for relief against any other defendants.

Accordingly, the Clerk of the Court is HEREBY ORDERED to strike the second amended complaint lodged on February 27, 2023, (ECF No. 12).

Furthermore, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's first amended complaint, filed February 2, 2023, (ECF No. 8), against Defendants Hurtado and Coronado for excessive force in violation of the Eighth Amendment; and

2. All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

\* \* \*

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **April 17, 2023**                         /s/ *Barbara A. McAuliffe*    
                                                                    UNITED STATES MAGISTRATE JUDGE