# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY VILLAREAL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>HERNANDEZ, *et al.*,<br><br>　　　　Defendants. | Case No. 1:22-cv-01376-ADA-BAM (PC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>(ECF No. 16)<br><br>ORDER EXTENDING DEADLINE TO FILE OBJECTIONS TO FINDINGS AND RECOMMENDATIONS<br><br>**THIRTY (30) DAY DEADLINE** |

　　　　Plaintiff Anthony Villareal ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　The Court screened the first amended complaint and found that it states some cognizable claims. Findings and recommendations for this action to proceed on the cognizable claims and to dismiss the remaining claims and defendants are currently pending. (ECF No. 15.) Plaintiff's objections to the findings and recommendations were due on or before May 4, 2023. (*Id.*)

　　　　On May 5, 2023, Plaintiff filed a document with the Court, including chronos from his doctor to support his assertion that Plaintiff is physically incapable of preparing forms for the Court. (ECF No. 16.) Plaintiff states that another inmate assisted him in preparing this document, and "if these chronos aren't enough for assistant counsel, please have patience with me in preparing documents." (*Id.*) Plaintiff attaches medical records which indicate that he has a

1

1  variety of diagnoses, including: acute anxiety, agitation, anxiety and depression, dandruff,
2  decreased hearing of right ear, headache, migraine, and schizoaffective disorder.  (*Id.* at 2–3.)  A
3  note from October 11, 2022 indicates that Plaintiff "has chronic headaches with memory
4  impairment and photophobia, which interfere with his ability to do schoolwork." (*Id.* at 4.)  The
5  medical note indicates a restricted work start date of October 11, 2022 and a return to work start
6  date of December 31, 2022.  (*Id.*)  The Court construes the filing as a motion to appoint counsel.

7  Plaintiff is informed that he does not have a constitutional right to appointed counsel in
8  this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other*
9  *grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to
10 represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist.*
11 *of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may
12 request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at
13 1525.

14 Without a reasonable method of securing and compensating counsel, the Court will seek
15 volunteer counsel only in the most serious and exceptional cases.  In determining whether
16 "exceptional circumstances exist, a district court must evaluate both the likelihood of success on
17 the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the
18 complexity of the legal issues involved."  *Id.* (internal quotation marks and citations omitted).

19 The Court has considered Plaintiff's request, but does not find the required exceptional
20 circumstances.  Even if it is assumed that Plaintiff has made serious allegations which, if proved,
21 would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases filed
22 almost daily by prisoners suffering from a variety of physical and mental health conditions, who
23 must also complete legal filings and forms to submit to the Court.  These plaintiffs also must
24 litigate their cases without the assistance of counsel.

25 Furthermore, at this stage in the proceedings, the Court cannot make a determination that
26 Plaintiff is likely to succeed on the merits.  Although Plaintiff's first amended complaint has been
27 screened and found to state cognizable claims, this does not indicate a likelihood of success on
28 the merits.  Finally, based on a review of the record in this case, the Court does not find that

Plaintiff cannot adequately articulate his claims.

However, in light of Plaintiff's allegation that he is physically incapable of completing Court forms, or that he may require additional time to do so, the Court finds it appropriate to extend the deadline for Plaintiff to file his objections to the pending findings and recommendations. The Court finds that an extension of thirty days is appropriate under the circumstances. <u>If Plaintiff requires additional time to complete his objections, he may file a motion specifying good cause to support the request, the deadline he wishes to extend, and how much additional time is required</u>.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to appoint counsel, (ECF No. 16), is DENIED, without prejudice; and
2. Plaintiff's objections to the April 17, 2023 findings and recommendations regarding dismissal of certain claims and defendants, (ECF No. 15), are due within **thirty (30) days** from the date of service of this order.

IT IS SO ORDERED.

Dated:   **May 9, 2023**              /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE

3